**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | : CRIMINAL NO. 3:08CR168(RNC) |
| ANTHONY PAGE | : April 8, 2019 |

## MOTION FOR CLARIFICATION RE SCHEDULING ORDER (DOC. #174)

Mr. Anthony Page respectfully requests that the Court clarify its scheduling order of March 12, 2019 (Doc. #174), and enter an order directing the government to file its response. In support of this motion, Mr. Page submits as follows:

1. On February 25, 2019, Mr. Page filed a motion for immediate release or resentencing, pursuant to Section 404 of the First Step Act of 2018. Doc. #172.

2. Under the District Court's February 11, 2019 Standing Order, when a defendant files a motion under Section 404 of the First Step Act, the Probation Office is required to file an addendum to the defendant's presentence report ("PSR addendum") within 14 days of the filing of the defendant's motion.

3. Fifteen days after the filing of Mr. Page's motion, on March 12, 2019, the Probation Office filed its PSR addendum. Doc. #173. In the PSR addendum, the Probation Office agreed that Mr. Page is eligible for relief under the First Step Act.

4. On March 12, 2019, following the filing of the PSR addendum, the Court entered the following scheduling order:

> ORDER as to Anthony Page: Pursuant to the Standing Order Re: First Step Act of 2018, Section 2, and the addendum to the PSR having been filed, defendant's response is due on or before 4/2/2019, and the government's response is due on *or before* 4/16/2019. So ordered.

Doc. #174 (emphasis added).

5. The Court's scheduling order cites paragraph 2 of the February 11, 2019 Standing Order. That paragraph explains:

> In the situation where a defendant files a motion and the Probation Office has not already filed an addendum to that defendant's PSR, the Probation Office will file an addendum to the PSR and a copy of this standing Order within 14 days of the filing of the motion; thereafter, the defendant will have 21 days after the filing of the addendum to respond, and the government will then have 14 days to respond to both submissions . . . .

Significantly, the government's response is due 14 days after the filing of the defendant's response; the timing of the government's response is not tied to the filing of the addendum.

6. Under the Standing Order and this Court's scheduling order, Mr. Page could have waited until April 2, 2019 to file a response. Instead, he filed a response on March 19, 2019, only 7 days after the PSR addendum was filed. Defense counsel's interpretation of paragraph 2 of the Standing Order was that the government's response would be due 14 days later, or on April 2, 2019.

7. Seeing no response filed, defense counsel contacted counsel for the government on April 4, 2019 to ask whether the government intended to file a response. Counsel for the government indicated that the government's understanding is that the government's response is due on April 16, 2019, per the Court's order. Undersigned counsel and counsel for the government have conferred further, and the government has since indicated that it will attempt to file a response by Friday, April 12.

8. Mr. Page has served over a decade in prison and is understandably eager to have his motion considered by the Court, especially given that, in the defense's view, he

2

is eligible for immediate release. Given the time-sensitive nature of Mr. Page's motion, defense counsel filed a response to the PSR addendum as quickly as possible.

9. It is the defense's understanding that the Court's order was not designed to give the government extra time to write its response in the event that the defendant filed his response early, but rather that the timing of the government's response was meant to be linked to the timing of the defendant's submission. The Court's order used the phrase "on or before" in reference to the government's deadline and referenced the Standing Order, suggesting the creation of a deadline relative to the defendant's filing.

10. Accordingly, Mr. Page respectfully requests that the Court clarify that the government's response was due 14 days from the filing of the defendant's response, rather than 35 days from the filing of the PSR addendum. Because the 14-day deadline has already passed, Mr. Page requests that the Court enter an order requiring the government to file its response by a new deadline deemed appropriate by the Court, but earlier than April 16, 2019.

Respectfully submitted,

THE DEFENDANT,
Anthony Page

OFFICE OF THE FEDERAL DEFENDER

Dated: April 8, 2019          /s/ Carly Levenson
Carly Levenson
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, CT 06510
Bar No. phv09665
Phone: 203-498-4200
Fax: 203-498-4207
Email: Carly_Levenson@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 8, 2019, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

 /s/ Carly Levenson
Carly Levenson