UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 3:08-CR-168 (RNC) |
| ANTHONY PAGE | : | November 25, 2019 |

## **SIXTH NOTICE OF SUPPLEMENTAL AUTHORITY**

Mr. Anthony Page respectfully submits this notice of supplemental authority in support of his motion for immediate release or resentencing under Section 404 of the First Step Act. Mr. Page's motion has been fully briefed for over seven months, since April 16, 2019.

Mr. Page previously filed notices of supplemental authority (ECF Nos. 180, 181, 182, 183, 184) to inform the Court of decisions in this District which addressed the question of whether a person is eligible for relief under the First Step Act if convicted of both "covered" and "non-covered" offenses, in response to the government's argument that the Court is not permitted to reduce Mr. Page's sentence on Counts Four and Five, which involved heroin. *See* ECF No. 178 at 6–8. Mr. Page submits this notice of supplemental authority to inform the Court of two additional decisions supporting his argument that the Court has authority to reduce his sentence on all counts of conviction.

On November 1, 2019, Chief Judge Underhill held that the First Step Act authorizes the Court to impose a new sentence on all counts of conviction where an individual is convicted of at least one "covered offense." *See United States v. Felix DeJesus*, No. 3:00-CR-227 (SRU), 2019 WL 5997336 (D. Conn. Nov. 1, 2019) (Underhill, C.J.). Felix DeJesus was convicted on two counts: conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); and conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). The government argued that

Mr. DeJesus "is not entitled to relief because his other count of conviction, for a heroin trafficking conspiracy, triggered the same statutory penalties and was not a covered offense." 2019 WL 5997336, at *2. The Court rejected the government's argument and held that Mr. DeJesus was entitled to a plenary resentencing on all counts of conviction:

> The First Step Act grants broad discretion to judges to decide whether to impose a reduced sentence, and I believe that should be read in the most comprehensive way possible, consistent with the remedial purpose of the First Step Act. Limiting resentencing to only the covered offense not only minimizes the benefit of the First Step Act, it also conflicts with the Sentencing Guidelines and weakens a sentencing court's authority. A sentencing court must sentence the defendant, not the crime, and must craft a sentence that is " 'sufficient but not greater than necessary' to fulfill the purposes of sentencing." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting 18 U.S.C. § 3553(a)). When resentencing is permitted by statute, allowing a court to look only at the covered offense, and not the entirety of the circumstances, undermines the great responsibility a sentencing court undertakes—to impose a fair sentence upon the defendant. The statutory authority to resentence grants a judge discretion to conduct a plenary resentencing unless the statute expressly forbids it. At every sentencing, the court must consider the totality of the circumstances or it runs the risk of imposing a sentence that is greater than necessary to serve the purposes of sentencing.

*Id.* at *3.

On the same date, Chief Judge Underhill issued a similar ruling granting the same relief for Mr. DeJesus's brother, who was convicted on the same two counts: conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); and conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). *See United States v. Charles DeJesus*, No. 3:00-CR-227 (SRU), 2019 WL 5685090 (D. Conn. Nov. 1, 2019) (Underhill, C.J.).

These cases, in addition to the other cases cited in Mr. Page's memorandum, reply, and previous notices of supplemental authority, confirm that if a person is convicted of a "covered" offense, as well as "non-covered" offenses, the person is eligible for resentencing on all counts of conviction under Section 404 of the First Step Act.

Mr. Page has been in federal custody since July 24, 2008, a period of approximately 136 months. After accounting for good conduct time, he has served the equivalent of a sentence of 159 months, or more than 13 years, for his non-violent drug offense. Absent relief, he will be incarcerated until January 1, 2024, at which time he will be 46 years old. He requests that the Court schedule a hearing at which he has the opportunity to be present and address the Court, or in the alternative, that the Court reduce his sentence to time served without a hearing, for the reasons described in his previous filings.

>   Respectfully submitted,
>
>   THE DEFENDANT,
>   Anthony Page
>
>   OFFICE OF THE FEDERAL DEFENDER

Dated: November 25, 2019

>   */s/ Carly Levenson*
>   Carly Levenson
>   Assistant Federal Defender
>   265 Church Street, Suite 702
>   New Haven, CT 06510
>   Bar No.: phv09665
>   Phone: 203-498-4200
>   Fax: 203-498-4207
>   Email: Carly_Levenson@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 25, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

>   */s/ Carly Levenson*
>   Carly Levenson