UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | NO. 3:08-CR-168 (RNC) |
| ANTHONY PAGE | : | September 27, 2021 |

## **MOTION TO MODIFY CONDITIONS OF RELEASE**

Mr. Anthony Page respectfully requests that the Court modify his conditions of release to permit him to view apartments in the Hartford/Bloomfield area, with prior approval from Probation for each appointment. The Probation Office does not object to this motion. The government objects to this motion. In support of this motion, Mr. Page states as follows:

1. In 2009, a jury found Mr. Page guilty of one count of conspiracy to possess with intent to distribute and to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B); one count of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C); one count of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). In 2010, the Court sentenced him to 210 months of imprisonment, followed by 8 years of supervised release.

2. On February 25, 2019, Mr. Page filed a motion for immediate release or resentencing under Section 404 of the First Step Act. In his briefing in support of his First Step Act motion, Mr. Page noted that, if sentenced today, he would no longer be subject to any mandatory minimum sentence and would be subject to a

lower Guidelines range than at the time of the original sentencing, including a "one-to-one" Guidelines range of 57 to 71 months. Docs. #175, #179, #186.

3. On April 8, 2020, the Court granted Mr. Page's First Step Act motion. The Court reduced his term of imprisonment from 210 months to time served (approximately 140 months) and his term of supervised release from 8 years to 6 years. The Court also imposed three new special conditions of supervised release, including a condition of location monitoring with home detention for six months. He successfully completed his six months of home detention and location monitoring in October 2020.

4. Mr. Page was released in the midst of a global pandemic after almost 12 years in prison. Despite having no history of formal, on-the-books employment prior to his incarceration, *see* PSR ¶ 67, he was able to obtain and maintain employment while on supervised release, including a full-time job at Wal-Mart, which he had held for over 6 months at the time of his recent arrest. Doc. #199 at 4. In addition to working, Mr. Page was a student at the time of his arrest. For over a year, he was enrolled in and attending the Collision Repair vocational program at Lincoln Tech, which met 4 days a week, from 8:30 am to 12:30 pm. According to Probation, "Up until his arrest in this matter, he had attended all required sessions." *Id.* at 3.

5. Upon his release from prison, Mr. Page initially resided with a friend. With Probation's permission, he later moved in with his girlfriend in Norwich. On June 12, 2021, Mr. Page was allegedly involved in a domestic dispute with his girlfriend, which led to the police being called, and ultimately led to his arrest by Norwich police.

6. On June 15, 2021, the Probation Office filed a petition for a warrant for an alleged violation of supervised release, based on the state arrest. The warrant was lodged as a detainer. On July 6, 2021, the Probation Office filed a violation report. Doc. #199.

7. On July 16, 2021, Mr. Page filed a motion for release from custody. Doc. #204. On July 19, 2021, the Honorable Magistrate Judge Sarah A. L. Merriam held a hearing and granted Mr. Page's release, subject to conditions which required him to reside at a halfway house and be subject to home detention, with GPS location monitoring (which was being provided through the state).

8. On August 23, 2021, and September 2, 2021, the Probation Office notified the Court that Mr. Page had, on at least three separate occasions, not complied with his conditions of release. *See* Docs. #209, #212.

9. On September 3, 2021, Magistrate Judge Merriam held a compliance hearing with Mr. Page. At the hearing, the Court amended Mr. Page's conditions of release to place him on home incarceration, with permission leave the halfway house only to attend weekly treatment at CRT and court dates, in light of his recent non-compliance. The Court also ordered that Mr. Page be subject to GPS through the U.S. Probation Office, regardless of the state GPS monitoring. The Court made clear that Mr. Page would need to receive permission from the Court in order to work.

10. On September 7, 2021, Mr. Page filed a motion seeking permission to accept a job as an event flagger for ProPark in Hartford. The Court granted the motion on the

same date. Since then, Mr. Page has maintained his employment with ProPark. He has also continued to engage in treatment at CRT.

11. In the near future, Mr. Page hopes to file a motion requesting permission to move from the halfway house to his own apartment. This will be an important step for him towards his goal of obtaining custody of his son. His son is currently in DCF custody; DCF has been bringing his son to the halfway house for visits. If Mr. Page gets his own apartment, DCF will allow his son to visit him overnight.

12. After consulting with defense counsel and his Probation Officer, Mr. Page has decided to look for apartments in the Hartford/Bloomfield area, so that he can maintain his current job and continue with treatment at CRT. Mr. Page has secured funding to cover the first two months of rent through his treatment provider. He has begun looking at apartments online and now seeks the Court's permission to view apartments in-person (with prior approval from Probation for each appointment). Mr. Page understands that he will not be able to move out of the halfway house without the Court's permission, but he is attempting to lay the groundwork to make such a motion possible in the future.

13. Undersigned counsel has consulted with U.S. Probation Officer Jessica Dickson, who indicated that the Probation Office does not object to this motion.

14. Undersigned counsel has consulted with Assistant United States Attorney Brian Leaming, who indicated that the government objects to this motion.

WHEREFORE, for the reasons explained above, Mr. Page requests that the Court modify his conditions of release to permit him to view apartments in the Hartford/Bloomfield area.

Respectfully Submitted,

THE DEFENDANT,
Anthony Page

FEDERAL DEFENDER OFFICE

Date: September 27, 2021 /s/ Carly Levenson
Carly Levenson
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, CT 06510
Phone: (203) 498-4200
Bar No.: pvh09665
Email: carly_levenson@fd.org

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on September 27, 2021, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Carly Levenson
Carly Levenson